Alejo VELAZQUEZ–CASTILLO; Maria Castillo–Velazquez; Edwin Velazquez–Castillo; Karina Velazquez–Castillo; Adriana Velazquez–Castillo, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 99–711605.

INS Nos. A73–439–647, A73–707–955, A73–439–646, A73–439–648, A73–439–649.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 11, 2002.

Decided June 27, 2002.

Before B. FLETCHER and GOULD, Circuit Judges, and MURGUIA,* District Judge.

## MEMORANDUM**

The Velazquez family petitions this court for review of a final order by the Board of Immigration Appeals ("BIA") denying the Velazquezes eligibility for suspension of deportation and affirming a deportation order issued by an immigration judge ("IJ").[1] We grant the petition.

### Factual Background

The Velazquezes are natives and citizens of Mexico. Alejo and Maria entered the

---

* The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Velazquezes note that after their motion to stay deportation pending review was granted, one of the Velazquez children, Adriana, married a Lawful Permanent Resident who will be eligible for citizenship this year. In the interim, Adriana has applied for an I–130 visa. Our ruling here does not affect Adriana's eligibility for an I–130 visa.

United States without inspection in July of 1987 and then returned to Mexico several months later to get their children. On June 17, 1995, the Velazquezes were served Orders to Show Cause ("OSCs") asserting that they had entered the United States on or about July 1, 1988.

At their February 8, 1996 Master Calendar Hearing, the Velazquez family admitted the allegations of fact in the Orders to Show Cause, conceded deportability, and applied for relief under INA § 244(a), which requires elements of seven years continuous physical presence in the United States, good moral character and undue hardship. The Velazquezes conceded the July 1, 1988 date of entry at their hearing. Their oldest daughter, whose date of birth is November 16, 1980, indicated in an affidavit that she was almost 8 years old when the family entered the United States. Mrs. Velazquez testified that her husband and she had entered the United States in July 1987, stayed for approximately five months, returned to Mexico, stayed there for approximately one month and then returned to the United States with their children. Later in the hearing, their attorney asked that an error on one of the children's OSCs be corrected, changing the entry date from July 1, 1995 to July 1, 1988.

The IJ denied the Velazquezes' application for suspension of deportation on the merits and ordered the Velazquez family deported to Mexico. Finding that the family had conceded that their date of entry into the United States was July 1988, the IJ assumed that the Velazquezes had sufficient physical presence in the United States to qualify for suspension of deportation relief, and then addressed whether deportation would be an extreme

hardship on the family.[2] After reviewing the Velazquezes' evidence, the IJ concluded that the family had been unable to demonstrate that their deportation to Mexico would be an extreme hardship. The Velazquezes appealed the decision of the IJ to the BIA.

After briefing was completed, the BIA sought supplemental briefing to address whether, under the new law establishing the "stop-time" rule which provides that the period of continuous physical presence is cut-off as of the date of service of an OSC, the Velazquezes had sufficient physical presence in the United States to qualify for suspension of deportation. On November 8, 1999, well after IIRIRA's effective date of April 1, 1997, the BIA dismissed the Velazquezes' appeal. The BIA addressed the Velazquezes' claim that they entered the United States earlier than July 1, 1988 and concluded that the record fully supported the conclusion that they entered on July 1, 1988. Accordingly, the BIA held that the Velazquezes had not accrued the seven years of continuous physical presence in the United States required for suspension of deportation, by the time they were served with their OSCs, and thus that they were statutorily ineligible for suspension of deportation.

This appeal followed.

## Analysis

The Velazquezes contend that due process requires that they be allowed to withdraw their concessions to the date of entry because at the time the concessions were made, they would not have adversely affected them. Here, we need not reach the issue of whether the Velazquezes' conces-

---

**2.** The IJ did not apply the stop-time rule enacted in IIRIRA because his decision was issued on January 23, 1997, before IIRIRA's

effective date of April 1, 1997. See Guadalupe–Cruz v. INS, 240 F.3d 1209 (9th Cir.2001).

sion of fact can be withdrawn due to a subsequent change of law. For under the unusual circumstances of this case, we will allow the Velazquezes to withdraw their concession of fact and any attorney statements or documentation flowing therefrom because at the time the concession and these statements were made, they were immaterial to the proceedings, no preexisting documentation or testimony supports the concession and hence its accuracy is fairly in question.

Ordinarily if the BIA's factual findings are supported by substantial evidence, often described as more than a mere scintilla of evidence, we affirm the BIA's findings. *See Turcios v. INS,* 821 F.2d 1396, 1398 (9th Cir.1987). However, this case is unusual. In assessing whether there is substantial evidence to support the BIA's determination, we cannot avoid recognizing that the *only* relevant testimonial evidence, that of Mrs. Velazquez, indicates that the Velazquezes entered the United States before the July 1, 1988 date that was conceded in their papers. All evidence that supports a July 1, 1988 entry date consists of a concession and documentation that was prepared by legal representatives at a time when, because the "stop-time" rule did not yet apply, precision on the date of entry was wholly immaterial to the application of INA § 244(a). Ordinarily we would view a concession and documents filed as some evidence on a material issue. But, under these unusual circumstances presented, we cannot in good conscience conclude that the concession and documentation, none of which preexisted the initiation of the deportation proceedings, and all of which may have been put forth by counsel to expedite on a then immaterial issue, constitute reliable substantial evidence to support the BIA's factual finding as to the date of entry in its decision applying the "stop-time" rule.

Though recognizing the unusual nature of the case and our decision, we conclude that justice will be served by permitting the Velazquezes to have the opportunity for a fair hearing where both the Velazquezes and the government may present all relevant evidence on the Velazquezes' actual date of entry into the United States and findings may be made in light of evidence. Otherwise, when contrasted with the only testimony in the record, the concession and documents applying for suspension do not provide us with confidence that a just procedure reliably determining now disputed fact has been followed. For these reasons, we hold that the Velazquezes may withdraw their concession of fact on the July 1, 1988 entry and any attorney statements or documentation flowing therefrom, and that factual issue should be redetermined before an immigration judge after evidentiary hearing.

In case it is pertinent to further proceedings, we note that the Velazquezes also argue that the Orders to Show Cause they were served with were defective because they did not specify a date, time and place of hearing. The Velazquezes did not raise this issue in their appeal to the BIA, and they have thus waived it for purposes of judicial review. 8 U.S.C. § 1105a(c) (1995); *see Tejeda–Mata v. INS,* 626 F.2d 721, 726 (9th Cir.1980). Also, the Velazquezes raise several other issues that are foreclosed by this Court's decision in *Ram v. INS,* 243 F.3d 510 (9th Cir.2001).

**PETITION GRANTED.**